Robert A. Naeve (State Bar No. 106095)
rnaeve@jonesday.com
Erica L. Reilley (State Bar No. 211615)
elreilley@jonesday.com
Charlotte S. Wasserstein (State Bar No. 279442)
cswasserstein@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612-4408
Telephone: 949.851.3939
Facsimile: 949.553.7539

Frederick B. Hayes (State Bar No. 165315)
fred.hayes@hayeslawoffice.net
HAYES LAW OFFICE
2447 Pacific Coast Highway
2nd Floor
Hermosa Beach, CA 90254
Telephone: 310.698.8729
Facsimile: 310.388.0310

Attorneys for Defendant
MICHAEL PLANET

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTHOUSE NEWS SERVICE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PLANET, in his official capacity as court executive officer/clerk of the Ventura County Superior Court,<br><br>Defendant. | Case No. CV-11-08083-SJO(FFMx)<br><br>Assigned for all purposes to Hon. S. James Otero<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT FOR DECLARATORY RELIEF AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF COURTHOUSE NEWS AND AGAINST DEFENDANT MICHAEL PLANET** |

Defendant Michael Planet, in his official capacity as Court Executive Officer/Clerk of the Superior Court of California, County of Ventura ("VSC"), hereby objects to the Proposed Judgment For Declaratory Relief And Permanent Injunction In Favor of Plaintiff Courthouse News Service And Against Defendant Michael Planet ("Proposed Judgment") lodged by Plaintiff Courthouse News Service ("CNS").

VSC primarily objects to CNS's Proposed Judgment[1] because it fails to incorporate the Court's key first holding in its May 26, 2016 Minute Order ("Order"), which is that "CNS Has Not Demonstrated that the First Amendment Requires that Courts Grant Access to Complaints the 'Same Day They Are Filed.'" (Order at 15; *see also id.* at 17.) This holding is critical to understanding the Court's further conclusions regarding CNS's right to "timely access," which necessarily must be something different than "same-day access." Indeed, the Court made this specific point in its Order:

> To the extent CNS contends that "same-day access" is the only logical line that can be drawn to ensure that "timely access" is afforded—given, for example, the "news cycle' cited by CNS's president, (*see* Girdner Decl. ¶ 63)—in light of the "24/7" nature of the news cycle, (CNS Mot. 20 [quoting Drechsel Decl. ¶¶ 14, 45-49]), such an argument logically culminates with a requirement that courts make complaints available the exact moment they are received. CNS can petition others for such a rule, but the Court finds that ***it would defy logic to read an unyielding same-day access requirement into the First Amendment***.

(Order at 17-18 (emphasis added).)

Without incorporating this key holding, and understanding that there is a high likelihood that CNS will use this Court's judgment to discuss access issues with other courts throughout the country, there is a real risk of widespread confusion regarding what this Court held may or may not constitute "timely

---

[1] VSC objects to various other aspects of the Court's Order and CNS's Proposed Judgment, but those matters are better suited for review on appeal and VSC hereby reserves all rights to raise those objections in that context.

1  access." By incorporating this Court's key holding that there is no constitutional
2  right to same-day access, other courts will have at least some guidance in knowing
3  that "timely access" does not require same-day access.
4       To that end, VSC proposes that CNS's Proposed Judgment be amended to
5  include a new first subparagraph 1(a) that states as follows:
6       a.    There is no First Amendment right of same-day access to newly filed
7  complaints.

Dated:     June 13, 2016     Respectfully submitted,

JONES DAY

By: */s/ Erica L. Reilley*
     Erica L. Reilley

Attorneys for Defendant
MICHAEL PLANET

NAI-1501186924v1