1  Rachel Matteo-Boehm (SBN 195492)
2  rachel.matteo-boehm@bryancave.com
   Roger Myers (SBN 1461640)
3  roger.myers@bryancave.com
4  Jonathan G. Fetterly (SBN 228612)
   jon.fetterly@bryancave.com
5  Leila C. Knox (SBN 245999)
6  leila.knox@bryancave.com
   BRYAN CAVE LLP
7  560 Mission Street, Suite 2500
8  San Francisco, CA 94105-2994
   Telephone: (415) 675-3400
9  Facsimile: (415) 675-3434

10 Attorneys for Plaintiff
11 COURTHOUSE NEWS SERVICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Courthouse News Service,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael Planet, in his official capacity as Court Executive Officer/Clerk of the Ventura County Superior Court,<br><br>    Defendant. | Case No. CV11-08083 SJO (FFMx)<br><br>**RESPONSE OF PLAINTIFF COURTHOUSE NEWS SERVICE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S [PROPOSED] JUDGMENT FOR DECLARATORY RELIEF AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF COURTHOUSE NEWS SERVICE AND AGAINST DEFENDANT MICHAEL PLANET** |

Plaintiff Courthouse News Service ("CNS") responds as follows to the June 13, 2016 objections of Defendant Michael Planet, in his official capacity as Court Executive Officer/Clerk of the Superior Court of California, County of Ventura ("VSC"), to the [Proposed] Judgment for Declaratory Relief and Permanent Injunction in Favor of Plaintiff Courthouse News Service and Against Defendant Michael Planet ("Proposed Judgment"), which CNS lodged with this Court on June 6, 2016.

CNS respectfully submits that Defendant's proposed addition to the [Proposed] Judgment – namely, that the [Proposed] Judgment be amended to add a new subparagraph 1(a) stating that "There is no First Amendment right of same day access to newly filed complaints" – should be rejected for numerous reasons:

(1) The Court's May 26, 2016 Order (the "May 26 Order") did **not** hold there is no First Amendment right of same day access. Rather, the Court ruled that there was "a genuine dispute" of material fact as to whether there was a history of same-day access, May 26 Order at 17 n.10, which is a very different thing and would not have precluded CNS from proving that history of same-day access at trial and ultimately obtaining a judgment to that effect. For that reason, the Court said, "it need not consider whether a requirement of same-day access 'plays a significant positive role.'" *Id.* at 18 n.11.

(2) Defendant's proposed addition would suggest that as a matter of law, a court's obligation to provide timely access need never require same-day access. CNS respectfully submits this is not a fair or accurate reading of the Court's 30-page May 26 Order, which speaks for itself and the contents of which this Court is well aware.

(3) CNS further submits that any court wishing further guidance as to what "timely access" means look no further than the May 26 Order – which, in contrast to the judgment itself and consistent with the "separate document" requirement in Federal Rule of Civil Procedure 58, is the appropriate document for inclusion of the court's legal reasoning, analysis, and supporting authority. *See* Moore's Federal

1

Practice - Civil § 58.05[4][a] ("The separate document requirement is a simple one: A 'judgment should be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion.'") (quoting *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994)); Rutter Group Federal Civil Trials and Evidence, §§ 18:125-18:133.1 (noting same in discussion of separate document requirement).

Dated: June 13, 2016                               BRYAN CAVE LLP

                                                   By:   /s/ Rachel E. Matteo-Boehm
                                                         Rachel E. Matteo-Boehm
                                                         Attorneys for Plaintiff
                                                         COURTHOUSE NEWS SERVICE