Rachel Matteo-Boehm (SBN 195492)
rachel.matteo-boehm@bryancave.com
Roger Myers (SBN 1461640)
roger.myers@bryancave.com
Jonathan G. Fetterly (SBN 228612)
jon.fetterly@bryancave.com
Leila C. Knox (SBN 245999)
leila.knox@bryancave.com
BRYAN CAVE LLP
560 Mission Street, Suite 2500
San Francisco, CA  94105-2994
Telephone:  (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Plaintiff
COURTHOUSE NEWS SERVICE

JS-6

FILED
CLERK, U.S. DISTRICT COURT

June 14, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Courthouse News Service,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael Planet, in his official capacity as Court Executive Officer/Clerk of the Ventura County Superior Court,<br><br>    Defendant. | Case No. CV11-08083 SJO (FFMx)<br><br>**JUDGMENT FOR DECLARATORY RELIEF AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF COURTHOUSE NEWS SERVICE AND AGAINST DEFENDANT MICHAEL PLANET** |

   This action came before the Court on the Amended Complaint of Plaintiff Courthouse News Service ("CNS") for Injunctive and Declaratory Relief under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution against Defendant Michael Planet, in his official capacity as Court Executive Officer and Clerk of the Superior Court in and for the County of Ventura, California.

1

The Court having entered an Order on May 26, 2016, Granting in Part and Denying in Part CNS's Motion for Summary Judgment, and Denying Defendant's Motion for Summary Judgment, it is hereby ORDERED, ADJUDGED and DECREED that, pursuant to Federal Rule of Civil Procedure 58, Judgment be entered in this action for Plaintiff CNS and against Defendant Planet as follows:

1. On CNS's Prayer for Declaratory Relief, it is ORDERED, ADJUDGED and DECREED that:

    a. There is a qualified First Amendment right of timely access to newly filed civil complaints, including their associated exhibits.

    b. This qualified right of timely access attaches when new complaints are received by a court, rather than after they are "processed" -- i.e., rather than after the performance of administrative tasks that follow the court's receipt of a new complaint.

    c. This qualified right of timely access attaches on receipt regardless of whether courts use paper filing or e-filing systems.

    d. Planet's policy prior to June 18, 2014 of requiring that newly filed complaints and their associated exhibits be "processed" prior to providing the press and public with access to those complaints violates CNS's qualified First Amendment right of timely access to newly filed complaints and their associated exhibits because, for the reasons stated in this Court's May 26 Order, Planet has not met his burden of proving that this policy is essential to preserve higher values and narrowly tailored to serve that interest, as required to overcome CNS's qualified First Amendment right of access, or that this policy constitutes a reasonable time, place and manner restriction.

    e. Planet's June 18, 2014 scanning policy also violates CNS's qualified First Amendment right of timely access to newly filed complaints and their associated exhibits because, for the reasons stated in this Court's May 26 Order, Planet has not met his burden of proving that this policy is essential to preserve

1 higher values and narrowly tailored to serve that interest, or that this policy
2 constitutes a reasonable time, place and manner restriction.

3     2.    On CNS's Prayer for Injunctive Relief, it is ORDERED, ADJUDGED
4 and DECREED that Planet is hereby permanently enjoined from refusing to make
5 newly filed unlimited civil complaints and their associated exhibits available to the
6 public and press until after such complaints and associated exhibits are "processed,"
7 regardless of whether such complaints are filed in paper form or e-filed, and is
8 further directed to make such complaints and exhibits accessible to the public and
9 press in a timely manner from the moment they are received by the court, regardless
10 of whether such complaints are scanned, e-filed, or made available in any other
11 format, except in those instances where the filing party has properly moved to place
the complaint under seal.

12     3.    On CNS's Prayer for Costs and Attorneys' Fees, it is ORDERED,
13 ADJUDGED and DECREED that CNS is the prevailing party in this action.
14 Pursuant to Federal Rule of Civil Procedure 54(d), CNS is awarded its costs in an
15 amount to be determined pursuant to the procedures specified in Local Rules 54-1 *et*
16 *seq*. Pursuant to 42 U.S.C. § 1988, CNS is further awarded its costs and attorneys'
17 fees in an amount to be determined on noticed motion pursuant to Federal Rule of
18 Civil Procedure 54(d)(2) and Local Rules 54-10 and 54-11, which shall be filed
19 within 60 days of the date of entry of this judgment.

Dated:    6/14/16                      *S. James Otero*
                                                 _____
                                                 S. James Otero
                                                 Judge of the U.S. District Court
                                                 Central District of California

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994