JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Courthouse News Service,<br><br>       Plaintiff,<br><br>vs.<br><br>Michael Planet, in his official capacity as Court Executive Officer/Clerk of the Ventura County Superior Court,<br><br>       Defendant. | Case No.: CV 11-8083-DMG (FFMx)<br><br>**AMENDED JUDGMENT FOR DECLARATORY RELIEF AND PERMANENT INJUNCTION [263]** |

This action came before the Court on the Amended Complaint of Plaintiff Courthouse News Service ("CNS") for Injunctive and Declaratory Relief under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution against Defendant Michael Planet, in his official capacity as Court Executive Officer and Clerk of the Superior Court in and for the County of Ventura, California.

Following the Ninth Circuit Court of Appeals' ruling in *Courthouse News Service v. Planet*, 947 F.3d 581 (9th Cir. 2020) ("*Planet III*"), which affirmed in part and reversed in part the Judgment for Declaratory Relief and Permanent Injunction In Favor of Plaintiff Courthouse News Service Against Defendant Michael Planet [Doc. # 199], and pursuant to the mandate received by this Court,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that, pursuant to Federal Rule of Civil Procedure 58, Judgment be entered in this action in favor of Plaintiff CNS and against Defendant Planet as follows:

1. On CNS's Prayer for Declaratory Relief, it is ORDERED, ADJUDGED and DECREED that:

    a. There is a qualified First Amendment right of timely access to newly filed civil complaints, including their associated exhibits.

    b. This qualified right of timely access attaches when new complaints are received by a court, rather than after they are "processed" -- i.e., rather than after the performance of administrative tasks that follow the court's receipt of a new complaint.

    c. This qualified right of timely access attaches on receipt regardless of whether courts use paper filing or e-filing systems.

    d. Planet's policy prior to June 18, 2014 of requiring that newly filed complaints and their associated exhibits be "processed" prior to providing the press and public with access to those complaints violates CNS's qualified First Amendment right of timely access to newly filed complaints and their associated exhibits for the reasons stated in *Planet III*.

1

   e. Planet's policy, implemented on June 18, 2014, of scanning new civil complaints and making the scans available on public computer terminals does not violate CNS's qualified First Amendment right of timely access to newly filed complaints and their associated exhibits for the reasons stated in *Planet III*.

  2. On CNS's Prayer for Injunctive Relief, Planet is hereby permanently enjoined from refusing (a) to make newly filed unlimited civil complaints and their associated exhibits available to the public and press until after such complaints and associated exhibits are "processed," regardless of whether such complaints are filed in paper form or e-filed, and (b) to make such complaints and exhibits accessible to the public and press in a timely manner from the moment they are received by the court, except in those instances in which the filing party has designated the complaint as confidential by law or properly moved to place the complaint under seal.

  3. On CNS's Prayer for Costs and Attorneys' Fees, and pursuant to the Ninth Circuit's Order of June 30, 2020 [Doc. # 255], CNS is the prevailing party in this action. Pursuant to Federal Rule of Civil Procedure 54(d), the cost award to CNS entered on August 2, 2016, in the amount of $20,730.81 [Doc. # 204], is reinstated. Pursuant to 42 U.S.C. § 1988, CNS is further awarded its non-taxable costs and attorneys' fees in an amount to be determined by the Court pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Rules 54-10 and 54-11, which shall be filed within 14 days of the date of entry of this Judgment.

DATED: January 26, 2021        _____
                    DOLLY M. GEE
                    UNITED STATES DISTRICT JUDGE